## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | Case No. 17-12560 (BLS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, et al., | Adv. Proc. Case Nos. (SEE EXHIBIT 1) |
| Plaintiff, | |
| v. | |
| (SEE EXHIBIT 1 ATTACHED HERETO), | |
| Defendant. | |

**LIQUIDATION TRUST'S OBJECTION TO MOTION TO INCLUDE THE DEFENDANTS' MOTION TO TEMPORARILY STAY THE PROSECUTION OF THEIR COMPLAINT PENDING THE DETERMINATION OF DISTRIBUTIONS TO CLASS 3 NOTE CLAIMANTS UNDER THE CONFIRMED PLAN ON THE MATTERS SCHEDULED FOR THE MAY 19, 2021 STATUS CONFERENCE AT 9:00 A.M.**

The Woodbridge Liquidation Trust (the "Trust"), formed pursuant to the confirmed and

effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of*

*Companies, LLC and its Affiliated Debtors* [Docket No. 2397] (the "Plan")[2] in the jointly-

administered chapter 11 bankruptcy cases (the "Cases") of Woodbridge Group of Companies,

LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2] Capitalized terms used but not otherwise defined herein have their meanings set forth in the Plan.

objects to the *Motion to Include the Defendants' Motion to Temporarily Stay the Prosecution of Their Complaint Pending the Determination of Distributions to Class 3 Note Claimants Under the Confirmed Plan on the Matters Scheduled for the May 19, 2021 Status Conference at 9:00 A.M.* (the "Scheduling Motion") filed by the defendants (collectively, the "Defendants") in the adversary proceedings listed on Exhibit 1 attached hereto (together, the "Adversary Proceedings"), and respectfully states as follows:

**Preliminary Statement**

1.      The Scheduling Motion should be denied because it is an improper attempt to have a preliminary hearing on a substantive motion filed by the Defendants well before the Liquidation Trust's time to respond to the underlying substantive motion has passed.  The Local Rules for this Court that govern adversary proceedings do not provide for "preliminary hearings" and the Defendants should not be able to preview for the Court their arguments before the Liquidation Trust has had an opportunity to respond to the Stay Motion (defined below).

2.      While the Court did set a status conference for these proceedings for May 19, 2021, that is not an invitation for the Defendants to preview a substantive motion that, on its face, is inconsistent with the Bankruptcy Code provisions governing the prosecution of avoidance actions, includes multiple misstatements and divulges confidential settlement discussions that took place between the Defendants and the Liquidation Trust in mediation sessions.   The Stay Motion should be addressed in the normal course pursuant to the Local Rules.  That means the Liquidation Trust will file its response when due, the Defendants will have a chance to reply, and upon the completion of briefing, one or both of the parties can request oral argument before the Court, which is then in the Court's discretion to grant.  There is neither support in the Local Rules nor justification in the Defendants' Scheduling Motion for the extraordinary relief sought and the Scheduling Motion should be denied.

**Objection**

**The Scheduling Motion is Procedurally Improper**

3.      The Scheduling Motion should be denied because it is procedurally improper. The Defendants seek to "preliminary address" the relief sought in the *Motion to Temporarily Stay the Prosecution of Their Complaint Pending the Determination of Distributions to Class 3 Note Claimants Under the Confirmed Plan on the Matters Scheduled for the May 19, 2021 Status Conference at 9:00 A.M.*  ("Stay Motion"), filed contemporaneously with the Scheduling Motion.  This is inconsistent with the Local Rules governing the conduct of motions filed in adversary proceedings.

4.      The Defendants acknowledge Local Rule 7007-3 provides that hearings on motions filed in adversary proceedings are not scheduled unless the Court orders otherwise. Additionally, Local Rule 7007-1 sets the response schedule.  Unless otherwise ordered by the Court or agreed to by the parties, answering briefs to filed motions are due fourteen days after service and filing of the motion and any reply brief by the movant is due seven days after the answering brief is filed.  *See* Local Rule 7007-1(a)(i) and (ii).  Following the completion of briefing, a "Notice of Completion of Briefing" with all relevant pleadings is filed and the pleadings then delivered to the Judge's chambers.  *See* Local Rule 7007-4.  Here, the Defendants seek to "preliminary address the relief sought in the [Stay] Motion" at the status conference." Scheduling Motion, ¶6.

5.      There is no basis for a preliminary hearing in the Local Rules (or the Bankruptcy Rules for that matter) on a motion filed in an adversary proceeding.   Moreover, the Defendants fail to cite any support for their entitlement to a preliminary hearing on a substantive motion

3

where briefing is incomplete.  There is no mention of any emergency or other time sensitive issue that would support a preliminary hearing before the Liquidation Trust's time to respond has run.  To allow the Defendants a "preliminary hearing to address the relief sought…"[3] would diminish the procedures in place to ensure the interested parties **both** have an opportunity to present their arguments in writing which is then, if the Court is so inclined, followed by oral argument.  The Defendants should not be provided with an opportunity to preview their Stay Motion, in any respect, prior to the Liquidation Trust having the chance to respond pursuant to the structure put in place by the Local Rules.

### The Stay Motion is Without Merit

6.      The Liquidation Trust is reluctant to address the merits of the Stay Motion at this juncture after only having reviewed the Stay Motion in the last twenty-four hours and advocating herein that it is improper for the Defendants to attempt to address the merits of the Stay Motion at the status conference.  But in the event the Court does permit the Defendants to preview the substantive relief they seek, the Liquidation Trust must, at a preliminary level, point out why the Stay Motion seeks relief that is in direct conflict with the Bankruptcy Code and sets forth several misstatements that require correction in a fulsome response.

7.      First, if granted, the Stay Motion would turn the avoidance powers afforded any liquidation trust, not just this Liquidation Trust, on their head.  In sum, the Stay Motion seeks to stay the Defendants' adversary proceedings until such time that the liquidation of real estate assets is complete and net proceeds distributed.  Such net recoveries to creditors will, the Defendants argue, reduce their preference exposure and, thus, they should not be obligated to

---

[3] The Defendants also seek to use the status conference to "seek the entry of a consensual scheduling order…" Scheduling Motion, ¶6.  The Defendants and Liquidation Trust can easily meet and confer on a briefing schedule, if one is necessary, outside the confines of a status conference.  Such scheduling agreements are not typically reached at hearings but are resolved consensually prior to hearings and set forth in stipulations approved by the Court.

defend the action against them until the ultimate creditor recovery is determined.  This suggested approach is contrary to Bankruptcy Code and Bankruptcy Rules provisions that govern the prosecution of avoidance actions.

8.      A defendant's avoidance liability is resolved either by Court adjudication or settlement, after which the defendant may pursue a section 502(h) claim for the amounts paid back to the estate.  The chapter 5 avoidance actions do not require the determination of creditor recoveries before a preference action can be prosecuted.  This would defeat the very purpose of chapter 5 avoidance actions, which is to recapture monies from creditors and then redistribute the funds to all creditors *pro rata*.  Indeed, the Liquidation Trust has settled hundreds of avoidance claims in this case – the ultimate and as yet unknown creditor recovery percentage has not served to hinder those resolutions.

9.      The Defendants' Stay Motion also goes to great lengths to assert hardships inflicted on the Defendants by the complaints filed in the Adversary Proceedings.  While the Liquidation Trust does not wish to diminish an individual defendant's own economic hardship, the Defendants fail to acknowledge they are net winners of the Debtors' Ponzi scheme, and were repaid in full prior to the Debtors' bankruptcy filing.  The Stay Motion ignores that the Liquidation Trust is working to recover millions of dollars on behalf of the thousands of victims who, unlike the Defendants, were not repaid their investments, much less net winnings thereon, and were significantly injured by the Debtors' Ponzi scheme.  Any stay in the prosecution of the avoidance actions would reduce and delay the distributions that the Liquidation Trust is duty bound to make to the injured victims.

10.      The Liquidation Trust also notes that the Stay Motion wrongfully reveals settlement negotiations and positions taken in confidential mediation sessions.  It is essential to

the success of the mediation process that confidential settlement discussions remain exactly that, confidential.  Defendants' decision to reveal confidential information is disappointing. Defendants have not meaningfully participated in mediation sessions duly scheduled by the Court appointed mediators.  (If necessary and if requested by the Court, the Liquidation Trust can provide a detailed recitation of the status of each of the Defendants' Adversary Proceedings at the May 19 status conference.)

## <u>Conclusion</u>

The Liquidation Trust's objection to the Scheduling Motion should be sustained, the Defendants' Scheduling Motion should be denied, and the Defendants' Stay Motion should not be added to the agenda for the May 19 status conference.

Dated:    May 12, 2021          PACHULSKI STANG ZIEHL & JONES LLP
          Wilmington, Delaware

                               */s/ Colin R. Robinson*
                               Richard M. Pachulski (CA Bar No. 90073)
                               Andrew W. Caine (CA Bar No. 110345)
                               Bradford J. Sandler (DE Bar No. 4142)
                               Colin R. Robinson (DE Bar No. 5524)
                               919 North Market Street, 17th Floor
                               P.O. Box 8705
                               Wilmington, DE 19899 (Courier 19801)
                               Telephone: 302-652-4100
                               Fax: 302-652-4400
                               Email: rpachulski@pszjlaw.com
                                       acaine@pszjlaw.com
                                       bsandler@pszjlaw.com
                                       crobinson@pszjlaw.com

                               -and-

                               KTBS LAW LLP, *f/k/a Klee, Tuchin, Bogdanoff &
                               Stern LLP*
                               Kenneth N. Klee (*pro hac vice*)
                               Michael L. Tuchin (*pro hac vice*)
                               David A. Fidler (*pro hac vice*)
                               Jonathan M. Weiss (*pro hac vice*)
                               1801 Century Park East, 26th Floor
                               Los Angeles, California 90067
                               Tel:    (310) 407-4000
                               Fax:    (310) 407-9090

                               *Counsel to the Liquidation Trust*

DOCS_DE:234315.3 94811/003